# In The
# United States Court of Appeals
## For The Fourth Circuit

RECEIVED
2025 MAR 13 P 2:31
U.S. COURT OF APPEALS
FOURTH CIRCUIT

**BRIAN DAVID HILL,**

*Petitioner – Appellant,*

v.

**UNITED STATES OF AMERICA,**

*Respondent – Appellee.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE/DANVILLE

---

ANSWER OF APPELLANT TO JURISDICTIONAL QUERY

---



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505



*Pro Se Appellant*     *JusticeForUSWGO.wordpress.com/JusticeForUSWGO.NL*

# I. ANSWER OF APPELLANT TO JURISDICTIONAL QUERY

1. During the course of challenging a proposed modification to Appellant's conditions of supervised release, Appellant Brian Hill ("Appellant") sought to change his court appointed attorney. The district court denied that request, see Case No. 4:20-cr-00027 (W.D. Va.), Dkt. No. 33; Mr. Hill appealed pro se, see Dkt. No. 1; and this Court requested each party address whether there is jurisdiction for an appeal, Dkt. No. 2. Appellant files his answer to the jurisdictional query.

2. This is not an appeal brief but simply an answer to the jurisdictional query, Dkt. No. 2. Appellant would like an informal briefing order since the appeal was filed pro se and was not filed through counsel. Counsel is free to withdraw from this appeal if she does not wish to address the issues Appellant wishes to address in this appeal.

3. Appellant has a reason for filing a NOTICE OF INTERLOCUTORY APPEAL, see United States v. Hill, 4:20-cr-00027, (W.D. Va. Feb 14, 2025) ECF No. 40. This Court does have jurisdiction under **28 U.S.C. § 1292(b)** but it is a discretionary appeal. See 28 U.S.C. § 1292(b).

4. Appellant invokes this Court's discretionary appeal power pursuant to interlocutory appeals in 28 U.S.C. § 1292(b) for the particular order appealed. The court did make a final order after the appealed order. However, the final order does not have defamatory remarks. The District Court assigned to the Hon. Thomas T. Cullen had made statements in the appealed order which are not truthful and the

2

Appellant made this appeal to challenge the untruthful statements/non-factual statements on the record made by the District Court. The Appellant does not challenge anything else in the order in regard to asking for substitute counsel being denied but rather challenge the untruthful statements/non-factual statements made by the district court and possibly ask that the judge be recused from the criminal case so not further defamatory remarks are made by the district court. Appellant asks for appellate review to challenge the following untruthful statement/non-factual statement made by the district court:

**"He also espouses unsupported and, frankly, outlandish theories regarding government agents, systemic "fraud" perpetrated by parties before the court, and retaliation against him for "exposing" that fraud which, in his mind, so infests these proceedings as to render them an assault on his constitutional rights. As is his pattern, Hill accuses all parties of lying to the court in an effort to impede his efforts at exposing the "truth." Apparently, the only truth that Hill will accept is one that absolves him of all wrongdoing for his actions."** (Note from Appellant: there is a lot of evidence the District Court is ignoring and disparages all evidence Appellant has ever submitted as "unsupported and, frankly, outlandish theories regarding government agents, systemic "fraud"". Evidence is being ignored, disregarded, and treated as though it is meaningless. It is defamatory of the district court to say such when Appellant submits audio CDs, emails from Jason McMurray, letter from the City of Martinsville and from the police chief, picture or pictures, affidavits, video evidence, and any other prima facie evidence.

3

Evidence is being ignored and treated as "unsupported and, frankly, outlandish theories".)

Note: There may be other untruthful statements (defamation) by the district court judge which Appellant feels the need to challenge in this interlocutory appeal. Appellant also may ask for discretionary relief so that in the future this judge does not make any further false statements and defamatory statements in Appellant's case. False statements by a judge does not follow the Code of Conduct for United States Judges, which includes the ethical canons which apply to federal judges and provides guidance on their performance of official duties and engagement in a variety of outside activities. Judges cannot lie about litigants (when the law makes defamation a crime and/or a civil penalty depending on the state laws on defamation) and judges cannot make defamatory statements on the court record as if it were true without it violating the Code of Conduct for United States Judges. Defamation is a misdemeanor offense under Virginia Code § 18.2-417. Slander and libel. Appellant needs to be allowed to work on the informal brief for this appeal and prove to this Court from the record of the trial court that he did submit facts which are being ignored, disparaged, disregarded, and lied about. The judge of the district court is not acting impartial as a trier of fact as required by Title 28 U.S.C. § 455 but rather seems to be protecting the government who has been caught lying about Appellant with actual evidence. Appellant proved with hard evidence (Audio CD discs, affidavits of the issue of which the Audio evidence already proved) he was allowed to record the conversation with his probation officer Haylea Workman and the bald-headed supervisor. It was the

supervisor who gave permission which is at least one party to consent to recording. The bald-headed supervisor said Brian was welcome to record him on April 25, 2024, but USPO Haylea Workman neglected to mention that in her affidavit (**United States v. Hill, 4:20-cr-00027, (W.D. Va. Nov 15, 2024) ECF No. 11**) that the bald-headed supervisor Probation Officer permitted Brian to record the conversation which proven that no law was broken by Appellant on April 25, 2024. See **United States v. Hill, 4:20-cr-00027, (W.D. Va. Feb 10, 2025) ECF No. 32** and **United States v. Hill, 4:20-cr-00027, (W.D. Va. Feb 14, 2025) ECF No. 36**. The U.S. Probation Officer Haylea Workman of the Roanoke Division had lied under oath saying the Appellant had violated the wiretapping statute on unlawful interception of oral communication, a felony. The supervisor said Appellant can record in audio recording. The district court is protecting the one who lied under oath and is protecting the one who subornated perjury. As to why the judge would protect somebody (a Probation Officer) who lied under oath, the Appellant does not have an answer. The U.S. Attorney is protecting the one who lied under oath which is also a federal crime. The U.S. Attorney Assistant Drew Inman is subornating perjury which is a felony and is giving protection to U.S. Probation Officer Haylea Workman a lawbreaker by not charging her with perjury, which is protecting somebody in the U.S. Government who did broke the law as proven by Audio CD recording filed with the Clerk of the Court. See Title 18 U.S.C. § 1622. Subornation of Perjury. It is not outlandish theories with hard evidence. It is not unsupported when there is mitigating evidence of AUDIO CD discs of audio recordings, conversation recordings, and were lawfully recorded. That

5

is why Appellant clearly has a due process right under 28 U.S.C. § 1292(b) for a discretionary appeal. At least he has a right to try for it. **DISCLAIMER: THIS IS NOT A BRIEF SINCE THE COURT IS CONDUCTING A JURISIDCTIONAL QUERY. Appellant would like to file a full brief with citations to the evidence and facts.** Appellant invokes that this court does have jurisdiction for this appeal because of the fact the district court is disparaging Appellant's hard evidence, the district court is disparaging Appellant's prima facie evidence, and the district court is making false statements about Appellant. It is not unsupported outlandish theories when audio is submitted, when pictures are submitted, when videos are submitted, when police chief letter is submitted, when medical records are submitted, when police reports are submitted, when affidavits are submitted, and when any evidence is submitted.

5. The very statement: "unsupported and, frankly, outlandish theories regarding government agents, systemic "fraud" perpetrated by parties before the court" that is not true. There is prima facie evidence such as AUDIO CD discs and other prima facie evidence which the Appellant would like to explain in an informal brief as to why the district court made untruthful statements about Appellant in the order appealed thereto as to why this appeal is necessary. The clerk in the Danville Division for the Western District of Virginia forgot to enter Appellant's appeal filing as a NOTICE OF INTERLOCUTORY APPEAL. It is considered and should be considered as an interlocutory appeal when it is not a final order, pursuant to 28 U.S.C. § 1292(b).

6. Untruthful statements in a court before the court should be challenged on

appeal. The final order (United States v. Hill, 4:20-cr-00027, (W.D. Va. Feb 18, 2025) ECF No. 44) does not have the false and untruthful statements which is being challenged in this interlocutory appeal.

7. Therefore, the Appellant invokes this Court's jurisdiction under 28 U.S.C.§ 1292(b) and requests an informal briefing order.

8. Appellant does not think the Government's response under Dkt. No. 3 is accurate as to no jurisdiction since Appellant filed an interlocutory appeal and this Court does have jurisdiction to a discretionary appeal under 28 U.S.C.§ 1292(b).

9. Since a judge of the district court producing a false statement about the Appellant is subject to review and is appropriate for appellate review. The Appellant cannot fully explain the issues of the district court making a false statement on the record of the trial court, until this court enters an informal briefing order. The Appellant is proceeding pro se in this appeal as the attorney has not given indication of representing the Appellant in this appeal as it was filed pro se. The attorney no longer represents the Appellant in this matter as the final order was entered and the court appointed attorney for Appellant only represented the Appellant over the pending matter which had come to a close. See United States v. Hill, 4:20-cr-00027, (W.D. Va. Feb 18, 2025) ECF No. 44. Also, a complaint had been filed against the judge of the district court as designation of judge had been noted somehow in public record. See Hill v. Workman, 4:25-cv-00004, (W.D. Va. Feb 24, 2025) ECF No. 4: "DESIGNATION OF DISTRICT JUDGE FOR SERVICES IN ANOTHER DISTRICT WITHIN THE CIRCUIT. (Notice mailed to Pro Se Party via US

7

Mail)(bsm) (Attachment added on 2/24/2025: #(2) Cover Letter) (bsm). Modified on 2/24/2025 to add the correct attachment (bsm)."

## CONCLUSION

10. For the reasons stated above, the Appellant files his answer to the jurisdictional query, and respectfully requests that he be allowed to continue his discretionary appeal under case no. 25-6114 since this court does have jurisdiction for an interlocutory appeal pursuant to 28 U.S.C.§ 1292(b). Appellant proceeds pro se in this appeal since the attorney only represented Appellant in the pending matter which had become final on February 18, 2025. The Appellant wishes to proceed with this appeal to challenge the false statements made by the District Court in the order which was being appealed in this appeal. The Appellant has a right to challenge any untruthful statements made by the district court and will ask for relief in the informal brief.

Respectfully Submitted,
This the 10th day of March, 2025

**BRIAN DAVID HILL**
Pro Se

*Brian D. Hill*
Signed
_____
Brian D. Hill
Brian David Hill – Ally of Qanon



Founder of USWGO Alternative News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
***Pro Se Appellant***



# PRIOR APPEALS

Appellant had filed prior appeals in the Fourth Circuit U.S. Court of Appeals.

| | | | | |
|---|---|---|---|---|
| 15-4057<br>US v. Brian Hill | 01/30/2015 | Brian David Hill | 06/12/2015<br>14:43:07 | 0418-2 : 1:13-cr-00435-WO-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 17-1866<br>Brian Hill v. EOUSA | 07/25/2017 | Brian David Hill | 12/27/2017<br>11:00:14 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville |
| 18-1160<br>Brian Hill v. EOUSA | 02/09/2018 | Brian David Hill | 10/09/2018<br>08:08:13 | 0423-4 : 4:17-cv-00027-JLK-RSB<br>United States District Court for the Western District of Virginia at Danville |
| 19-2077<br>In re: Brian Hill | 10/03/2019 | Brian David Hill | 10/17/2019<br>10:41:39 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-4758<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 02/23/2021<br>15:03:01 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7483<br>US v. Brian Hill | 10/15/2019 | Brian David Hill | 05/06/2020<br>08:45:33 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-2338<br>In re: Brian Hill | 11/25/2019 | Brian David Hill | 01/12/2021<br>14:57:45 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7755<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 19-7756<br>US v. Brian Hill | 11/27/2019 | Brian David Hill | 05/06/2020<br>08:47:08 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 20-6034<br>US v. Brian Hill | 01/06/2020 | Brian David Hill | 01/10/2022<br>16:16:36 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 20-1396<br>Brian Hill v. Glen Hall | 04/07/2020 | Brian David Hill | 07/15/2020<br>08:54:16 | 0423-4 : 4:20-cv-00017-JLK<br>United States District Court for the Western District of Virginia at Danville |
| 20-7737<br>US v. Brian Hill | 11/24/2020 | Brian David Hill | 01/10/2022<br>16:36:20 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 22-6325<br>US v. Brian Hill | 03/22/2022 | Brian David Hill | 04/15/2022<br>11:34:18 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |
| 22-6501<br>US v. Brian Hill | 04/27/2022 | Brian David Hill | 04/27/2022<br>12:07:32 | 0418-2 : 1:13-cr-00435-TDS-1<br>United States District Court for the Middle District of North Carolina at Greensboro |

**24-7203**
BRIAN DAVID HILL V. UNITED STATES
2255 appeal and is pending.

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 10th day of March, 2025, I caused this Answer Of Appellant To Jurisdictional Query to be filed with the Clerk of the Court by mailing the foregoing in a Priority Mail envelope with the Clerk of the Court then request that pursuant to 28 U.S.C. §1915(d) that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Drew Inman
OFFICE OF THE U.S. ATTORNEY
310 First Street, S.W., Room 906
Roanoke, VA 24011
540-857-2250
drew.inman@usdoj.gov

*Counsel for Appellee*

Jonathan Jones
U.S. Attorney Office
310 First Street, S.W., Room 906
Roanoke, VA 24011
540-527-3954
Jonathan.Jones2@usdoj.gov

*Counsel for Appellee*

Respectfully Submitted,
This the 10h day of March, 2025

**BRIAN DAVID HILL**
Pro Se

*Brian D. Hill*
Signed
_____
Brian D. Hill

Brian David Hill – Ally of Qanon

Founder of USWGO Alternative News  
310 Forest Street, Apt. 2  
Martinsville, Virginia 24112  
(276) 790-3505  
*Pro Se Appellant*

*JusticeForUSWGO.wordpress.com*  
*JusticeForUSWGO.NL*






**The DEEP STATE can Frame You - the Documentary at JusticeForUSWGO.wordpress.com**

https://rumble.com/v2ozhp6-the-deep-state-can-frame-you-the-documentary.html



**UNITED STATES POSTAL SERVICE** | **PRIORITY® MAIL**

ed delivery date specified
tic shipments include $100
racking® service included
international insurance.**
sed internationally, a cust
loes not cover certain items. For
ail Manual at http://pe.usps.com
ational Mail Manual at http://pe.

**RATE ENVE**
■ ANY WEIGHT

CKED ■ INSU


00001000014

---

**UNITED STATES POSTAL SERVICE.** | Retail

**P** | **US POSTAGE PAID**
$10.10
Origin: 24112
03/10/25
5156520362-19

**PRIORITY MAIL®**

0 Lb 3.40 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 03/14/25

C003

SHIP TO:

STE 501
1100 E MAIN ST
RICHMOND VA 23219-3538

**USPS TRACKING® #**

9505 5104 2592 5069 4542 93



---

RECEIVED U.S. MARSHALS

RECEIVED U.S. MARSHALS

FROM:

**U.S.W.G.O.**
Brian D. Hill - Ally of Q
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
WWG1WGA Q Intel - MAGA
Drain the Swamp - INVESTIGATE!
JusticeForUSWGO.wordpress.com

JusticeForUSWGO.NL

TO:



Clerk of the Court
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219


RECEIVED U.S. MARSHALS

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.